UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HEARD,

           Petitioner,           Case No. 08-11357
v.                                          Honorable David M. Lawson

JERI-ANN SHERRY,

           Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM STATE CONVICTION AS A MATTER OF LAW, MOTION TO COMPEL, AND MOTION FOR RELIEF FROM UNLAWFUL CUSTODY

On March 31, 2008, the petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for felonious assault, Mich. Comp. Laws § 750.82, intentionally discharging a firearm at a dwelling, Mich. Comp. Laws § 750.234b, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He has since filed several motions. On January 28, 2009, he filed a motion for relief from state conviction as a matter of law. On January 30, 2009, he filed a motion to compel under Fed. R. Civ. P. 37, asking that the Michigan Department of Corrections account for his property. On February 13, 2009, the petitioner filed a motion for relief from unlawful custody. The Court finds these motions lack merit.

In all three motions, the petitioner complains of his treatment while in prison. However, "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the habeas corpus remedy] core and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Therefore, a court reviewing a habeas petition may not delve into a petitioner's complaints about

prison conditions. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. Mar. 2, 2006) ("[T]he forum of the habeas proceeding did not, by itself, grant the district court jurisdiction to adjudicate Hodges's conditions-of-confinement claims, or to order injunctive relief in response thereto. . . ."); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. Dec. 4, 2001). Here, the petitioner filed and clearly intended to file a habeas petition, which is not the appropriate vehicle to challenge the deprivation of a Constitutional right caused by prison conditions.

Additionally, the relief he seeks is not appropriate at this time. In his motion to compel, the petitioner requests discovery. Discovery in a habeas case is not governed by the Federal Rules of Civil Procedure, but is authorized only upon order of the Court and upon a showing of "good cause." Rule 6(a), Rules Governing § 2254 Cases. The petitioner has not established good cause for the discovery requested.

In the other two motions, the petitioner asks that the Court find that his confinement is unlawful as a matter of law and order his release. A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). The Sixth Circuit Court of Appeals has held that, based upon the express language of this statutory provision, a federal court may not grant habeas corpus relief by entering a default judgment when the Office of the Attorney General fails to file a timely response to a habeas corpus petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Therefore, the Court must deny petitioner's requests for release without prejudice to the Court's consideration of his claims on the merits.

Accordingly, it is **ORDERED** that the petitioner's motion for relief from state conviction

as a matter of law [dkt. #34] is **DENIED**.

It is further **ORDERED** that the petitioner's motion to compel [dkt. #33] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for relief from unlawful custody [dkt. #37] is **DENIED**.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated: May 21, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2009.

                                      s/Susan K. Pinkowski
                                      SUSAN K. PINKOWSKI